WILLIAM C. PATTERSON, APPELLANT, V. W. H. LANNING, APPELLEE, IMPLEADED WITH JOHN COOKE, APPELLANT.

FILED OCTOBER 1, 1901.   NO. 10,059.

Commissioner's opinion, Department No. 1.

1. **On Conveyance to Trustee Grantor May Prescribe Terms of Sale and Application.** An owner of property who conveys it to a trustee to be used in payment of another's debts, has the right to prescribe the terms and conditions of its sale and application.

2. **Terms of Trust Agreement Construed.** A trust agreement providing for a sale within such reasonable time "as may best conserve the interest of all parties to the best of his [the trustee's] judgment, it being my desire that the same shall be paid as soon as may be without unnecessary sacrifice of said stock," the residue of the trust property after satisfying the trust to be accounted for to the trustor, grants such discretion to the trustee that mere lapse of time, without a showing of abuse of discretion on his own part, does not show a violation of the trust.

APPEAL from the district court for Adams county. Heard below before BEALL, J.   *Affirmed.*

*Charles B. Keller* and *W. P. McCreary,* for appellants.

*Tibbets Bros., Morey & Ferris, contra.*

DAY, C.

In 1892 Charles Cameron, since deceased, being indebted to M. E. Smith & Co., executed and delivered to said M. E. Smith & Co. two certain promissory notes, in which John Cooke, one of the defendants herein, joined as surety.

After the decease of said Charles Cameron, the said Cooke, on December 31, 1894, executed and delivered to Smith & Co. his promissory note for $1,274.74, the same being an extension of the indebtedness evidenced by the two notes upon which Cooke was surety. This latter note was subsequently transferred by the payee to William C. Patterson, and by him reduced to the judgment which forms the basis of this action. On March 19, 1893, Louise Cameron, the wife of said Charles Cameron, deceased, executed and delivered a certain trust instrument to W. H. Lanning, whereby she sold, assigned, and set over to said Lanning one hundred shares of the capital stock of the Exchange National Bank of Hastings, Nebraska. The conveyance was made in trust and contained recitals as follows: "Whereas, the following named persons are sureties for debts of my deceased husband as follows:  *  *  *  John Cooke, J. M. Sewall, J. B. Keedle and T. Farrell on a stay bond in favor of Carrie McCleery, and John Cooke, on note of M. E. Smith & Co., and, Whereas, it is my desire to indemnify said persons to the extent of this conveyance against final loss by the payment of such judgments and said note: Now, therefore, this conveyance is made to said W. H. Lanning for the purpose of enabling him to sell and dispose of, or pledge said stock, or as much thereof as may be necessary, and with the proceeds to pay off said judgment and said note, such disposition of said stock to be within such reasonable time hereafter, and for such price as may best conserve the interest of all parties to the best of his judgment, it being my desire that the same shall be paid as soon as may be without unnecessary sacrifice of said stock." The instrument further provided that it was made for the protection of those sureties named who should "accept and abide its provisions, without in any manner causing trouble to me or my said trustees by importunities or otherwise"; and also, in event of sale, the balance of the proceeds to be returned and accounted for to the trustor by the trustee. Patterson obtained a judgment upon the note in Douglas county against John Cooke

and M. E. Smith & Co. as surety; filed a transcript thereof in Adams county, upon which execution was issued against Cooke, which was returned *nulla bona*. This suit was brought by Patterson in the district court of Adams county against W. H. Lanning and John Cooke. The plaintiff alleged in his petition the facts hereinbefore referred to, and prayed for a construction of the trust instrument; that the defendant Lanning be removed as trustee from the trust; that a suitable and competent person be appointed in his stead to execute the trust; or that an order be made requiring the said Lanning to proceed within a reasonable time to sell and dispose of the stock held under the trust and for such other and further relief as may be just and equitable. From the judgment of the court dismissing the cause for want of equity, the plaintiff has appealed.

It will be borne in mind that the property pledged belonged to Mrs. Cameron; she was under no legal obligation to use it in payment of her husband's debts, and in pledging it had the right to make such conditions with respect to the time of sale and its application as she deemed best. It will be observed that the trust provides for a sale of the pledged property within such reasonable time and for such price as may best conserve the interest of all parties to the best of his, the trustee's, judgment, and without unnecessary sacrifice of the stock. Undoubtedly, if the agreement had provided generally that the trust property be sold within a reasonable time without any further discretion vested in the trustee by the terms of the trust, then mere lapse of time since the making of the agreement would probably entitle the *cestui que trust* to apply to the court for an order to proceed with the sale. But this agreement provides for more, and couples with the reasonable time a provision for such delay as the trustee shall deem to best conserve the interest of all parties. This includes the interest of the trustor as well as the creditors for whose benefit it was created. There was no proof whatever that the delay has not been in good faith, or that it was not

reasonably required to carry out the trust for the best interest of all. The sole reliance of the plaintiff being that the mere lapse of time since the creation of the trust, would be a sufficient breach to entitle him to apply to the court for an order of sale. We hold that mere lapse of time, under the provision of the trust, is not sufficient to show a breach. There was some proof offered which tended to show that some of the judgments had been paid, but the proof showed that Mrs. Cameron had borrowed the money and given her note and allowed the pledge to stand as security for such loan. This she had a right to do, as she had a reversionary interest in the stock.

We have examined the pleadings and the proof, and we think the judgment of the district court correct.

It is therefore recommended that the judgment be affirmed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.

. SULLIVAN, J., absent, not voting.